David Stanislaus KOTZ, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 64 C 357(3).

United States District Court E. D. Missouri, E. D.

Nov. 17, 1964.

David S. Kotz, pro se.

Richard D. FitzGibbon, U. S. Atty., St. Louis, Mo., for respondent.

REGAN, District Judge.

Under Section 2255, Title 28, U.S.C., petitioner filed this pending motion to vacate and set aside the sentence in United States of America vs. David S. Kotz, No. 64 Cr 34, wherein the petitioner was committed to the custody of the Attorney General under The Youth Corrections Act, Section 5010(b), Title 18 U.S.C. In that action, petitioner was charged in a one count information with the offense of transporting in interstate commerce a stolen motor vehicle in violation of Section 2312, Title 18, United States Code.

The single ground suggested in petitioner's motion for vacation of sentence was the failure of the Court to advise the petitioner of the sentencing provisions of the Youth Corrections Act, before accepting a plea of guilty.

In reviewing the proceedings had before the Court the transcript reveals that petitioner's appointed counsel was asked if he had explained the nature and extent of the punishment. Counsel responded that he had. Thereafter, the defendant was asked if he understood the penalties.

However several weeks elapsed between the petitioner's appearance in Court at which he pleaded guilty and the time at which sentence was imposed. During the interim the Court and Counsel conferred to the end of attempting to have the Army reinstate the petitioner which effort was unavailing.

On March 3, 1964, petitioner again appeared in Court with his counsel, who made a further statement to the Court. After which the Court said:

"As you know, we went into the matter of punishment in this matter. In view of this defendant's age, I am going to sentence him under Section 5010(b), which is an indefinite sentence. However, he will be given more treatment and education and consideration than he might be if I would give him a definite sentence under the provisions of the Dyer Act.

"So pursuant to your plea of guilty, David Stanislaus Kotz, in Cause No. 64 Cr 34, for violation of Section 2312, Title 18, United States Code, the Court now sentences you to the custody of the Attorney General of the United States under Section 5010(b), the Youth Corrections Act, there to remain until said sentence is complied with or you are released by due process of law."

On September 18, 1964, petitioner filed this motion which was set for hearing on November 12, 1964. At the hearing petitioner's former counsel appeared and was the sole witness. He testified he had fully explained the punishment the Court could impose under Section 2312, Title 18, U.S.C. as well as the provisions of Section 5010(b) Title 18 U.S.C. Further, he stated that in his conversations with the petitioner he explained that he would be greatly benefited by the training, education and treatment that would be afforded him under the Youth Corrections Act.

Having reviewed the file, as well as receiving the testimony of petitioner's counsel on this motion the court concludes, the petitioner was fully apprised of the punishment and that the plea of guilty was understandably made and that petitioner was under no misapprehension, that he might be sentenced for

a longer period than that to which an adult offender might be subject.

It is therefore ordered that petitioner's motion be and the same is hereby denied.